UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **Tushar Bhatia, individually and as the representative of a class of similarly situated persons, and on behalf of the McKinsey & Company, Inc. (PSRP) Profit-Sharing Retirement Plan and the McKinsey & Company, Inc. (MPPP) Money Purchase Pension Plan,**<br><br>**Plaintiff,**<br><br>v.<br><br>**McKinsey & Company, Inc., MIO Partners, Inc., and John Does 1-50,**<br><br>**Defendants.** | No. 1:19-cv-01466-GHW-SN |

## STIPULATED PROTECTIVE ORDER

1.     PURPOSES AND LIMITATIONS

    Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting or defending this action and any appeals is necessary. Protection of the identified categories of confidential information is necessary because certain of the documents and data that the parties and others will produce as part of their disclosures or in response to discovery requests contain trade secret or confidential research, development, or commercial information, personal retirement account information, other confidential personal and financial information, and other confidential information.

    Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that, as set forth in Section 12.3, below, this Stipulated Protective Order does not entitle them to file confidential information under seal; Part III(d) of the Court's Individual Practices in Civil Cases sets forth the procedures that must be

followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

2. DEFINITIONS

2.1 <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2 <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) that the Designating Party designates in good faith has been previously maintained in a confidential manner and should be protected from disclosure and use outside this litigation because its disclosure and use is restricted by statute or could potentially cause harm to the interests of Disclosing Party or Non-Party. For purposes of this Order, the Parties will limit their designation of "Confidential Information" to the following categories of information or documents: (a) trade secrets; (b) proprietary or otherwise sensitive non-public business information; (c) information implicating any individual's legitimate expectation of privacy; (d) any records whose disclosure is restricted or prohibited by statute; (e) personnel, financial or employment records of any person or entity; (f) nonpublic personal information; or (g) documents that are subject to the fiduciary exception to the attorney-client privilege.

2.3 <u>"CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: information or items that satisfy the definition of Confidential Information and that the Designating Party reasonably and in good faith believes is so highly sensitive that its disclosure to a competitor could result in significant competitive or commercial disadvantage to the Designating Party.

2.4 <u>Counsel (without qualifier)</u>: Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.5 <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY."

2.6 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things,

initial disclosures, deposition testimony, transcripts, and exhibits, all tangible things, and information derived directly therefrom), that are produced or generated in disclosures or responses to either formal discovery requests in this matter or informal discovery requests in advance of any mediation.

2.7 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.8 <u>In-House Counsel</u>: attorneys who are employees of a Party to this action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10 <u>Outside Counsel of Record</u>: attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.11 <u>Party</u>: any party to this action, including all of its officers, directors, and employees, , but excluding putative class members other than the named plaintiffs or any Court appointed class representative.

2.12 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.15 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. <u>SCOPE</u>

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; and (2) all copies, excerpts, summaries, or compilations of Protected Material. However, the protections conferred by this Stipulated Protective Order do not cover any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law; or (3) the distribution of all proceeds to the Class as a result of a settlement or judgment.

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items as Protected Materials under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2 Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, and to the extent feasible, any Disclosure or Discovery Material that qualifies for protection under this Order will be designated before or at the time the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party or Designating Party affix the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" (hereinafter "the marking") on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. If it is not practicable to affix the marking to the document, then the Producing Party or Designating Party must clearly identify the Protected Material in a writing accompanying the document. A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each document that contains Protected Material. Copies that are made of any designated documents must also bear the marking, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

(b) for testimony given in deposition or in other pretrial proceedings, that the Designating Party serve on all parties a Notice of Designation as Protected Material not later than 30 days receipt of the final deposition transcript. The Notice of Designation must designate those specific portions of the testimony by page and line that the Designating Party designates as Protected Material. If it is stated on the record that the deposition may include some Protected Material, then that deposition shall be treated as Protected Material in its entirety until the expiration of 30 days following the delivery of the final transcript to all parties.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention. If the Parties cannot resolve a challenge without Court intervention, the Challenging Party shall file and serve a motion to challenge confidentiality designation under Part II(d) of the Court's Individual Practices in Civil Cases within 30 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is later. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Challenging Party to make such a motion including the required declaration within 30 days (or 14 days, if applicable) shall automatically waive the challenge to the confidentiality designation. The burden of proving the necessity of a confidentiality designation remains with the party asserting confidentiality. Until the Court rules on the challenge, all parties must continue to treat the materials as Confidential Information or Confidential – Attorneys' Eyes Only Information under the terms of this Order.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation, including any appeals. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" solely for purposes of this action only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees or Professional Vendors of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation, provided that for Professional Vendors,

they have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(b) the officers, directors, employees (including In-House Counsel), and Professional Vendors of the Receiving Party to whom disclosure is reasonably necessary for this litigation, including any insurers;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters engaged for this case and their staff, including any recorders or videographers engaged for depositions;

(g) any potential, anticipated, or actual fact witness and his or her counsel, but only after such persons have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information (not including a person who received the document in the course of the litigation);

(i) any mediator appointed by the Court and/or jointly selected by the parties; and

(j) other persons only by written consent of the Designating Party or upon order of the Court and on such conditions as may be agreed or ordered.

7.3  Disclosure of "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" solely for purposes of this action only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as the Receiving Party's insurers;

(b) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) the Court and its personnel;

(d) court reporters engaged for this action and their staff, including any recorders or videographers engaged for depositions;

(e) consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information (not including a person who received the document in the course of the litigation);

(g) any mediator appointed by the Court or jointly selected by the parties; and

(h) other persons only by written consent of the Designating Party or upon order of the Court and on such conditions as may be agreed or ordered.

8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

(a) immediately, and in no event more than 5 business days from receiving the subpoena or order, notify in writing the Designating Party. Such notification shall include a copy of the subpoena or Court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has

9

obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while any Party has in its possession, custody, or control Protected Materials designated by the other Party to this case.

9.  A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" and "CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections. A copy of this Order shall be served along with any subpoena served in connection with this action.

(b) All documents produced by any Non-Party shall be treated as CONFIDENTIAL – ATTORNEYS' EYES ONLY information for a period of 30 days from the date of production, and during that time any Party or Non-Party may designate such document as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY pursuant to the terms of this Order.

10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

The parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as Confidential Information or Confidential – Attorneys' Eyes Only Information pursuant to the terms of this Order. Counsel for the parties must maintain a record of any persons who have signed the the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

The inadvertent disclosure or production of any information or document that is subject to an objection on the basis of attorney-client privilege or work-product privilege, or any other applicable protection or privilege, will not be deemed to waive a Party or privilege holder's claim to its privileged or protected nature or estop that Party or the privilege holder from designating the information or document as privileged at a later date. Any Party receiving any such information or document must delete/destroy it upon request by the Producing Party. Upon receiving such a request as to specific information or documents, the Receiving Party must delete/destroy the information or documents and provide the Producing Party with written confirmation that the information and documents have been deleted/destroyed within 10 business days, regardless of whether the Receiving Party agrees with the claim of privilege. If a Receiving Party becomes aware that it is in receipt of a document that it knows is privileged based on the face of the document (i.e., client communication with counsel of record concerning the defense of the litigation, or document labeled as privileged that is not subject to any fiduciary exception), counsel for the Receiving Party shall so notify counsel for the Producing Party. If the Producing Party, after receiving such notice, asserts its position that the document is privileged, the Receiving Party will promptly return the document or destroy the document and provide written confirmation of the same to the Producing Party. Disclosure of the information or document by the other Party prior to such later designation will not be deemed a violation of the provisions of this Order. The provisions of this section constitute an order pursuant to Rules 502(d) and (e) of the Federal Rules of Evidence. Notwithstanding the provisions of Rule 502(b) of the Federal Rules of Evidence, there has been no waiver of any privilege, protection, or immunity if a Party discloses or produces

privileged, protected, or immune documents or information, regardless of whether the Party took reasonable steps to prevent the production or disclosure or to rectify the error.

12. MISCELLANEOUS

   12.1   Right to Further Relief. Nothing in this Order abridges the right of any Party or other person with standing to seek its modification by the Court in the future. A Party cannot seek modification of this Order without first conferring with the other Party.

   12.2   Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

   12.3   Filing Protected Material. Absent written permission from the Designating Party, a Party that seeks to file any document containing Protected Material with the Court must seek permission to file the document under seal by filing a motion in accordance with Part III(d) of the Court's Individual Practices in Civil Cases. Protected Material may only be filed under seal pursuant to a Court order authorizing the sealing of the specific Protected Material at issue.

   12.4   Persons Bound by Protective Order. This Order will take effect when entered and is binding upon all Counsel, Parties, and other persons made subject to this Order by its terms.

   12.5   Jurisdiction. The Court's jurisdiction to enforce the provisions of this Order will terminate on the final disposition of this case. But a Party or Non-Party with standing to enforce this Order may file a motion to seek leave to reopen the case to enforce the provisions of this Order.

   12.6   Applicability to Parties Later Joined. If additional persons or entities become Parties to this lawsuit, they must not be given access to any Protected Material until they execute their written agreement to be bound by the provisions of this Order.

13. FINAL DISPOSITION

   Within 60 days after the final disposition of this action, as defined in paragraph 4, each

Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that certifies all the Protected Material that was returned or destroyed. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: December 19, 2019

**SO ORDERED**

SARAH NETBURN
United States Magistrate Judge

December 20, 2019
New York, New York

Respectfully submitted,

NICHOLS KASTER, PLLP

By: /s/ Kai H. Richter
Michelle L. Kornblit, NY Bar No. 5314794
Paul J. Lukas, MN Bar No. 022084X*
Kai H. Richter, MN Bar No. 0296545*
Brock J. Specht, MN Bar No. 0388343*
Carl F. Engstrom, MN Bar No. 0396298*
Brandon T. McDonough, MN Bar No. 0393259*
* admitted pro hac vice
4600 IDS Center
80 S 8th Street
Minneapolis, MN 55402
Phone: 612-256-3200
Fax: 612-338-4878
mkornblit@nka.com
lukas@nka.com
krichter@nka.com
cengstrom@nka.com
bspecht@nka.com
bmcdonough@nka.com

ATTORNEYS FOR PLAINTIFF

By: /s/ Jeremy P. Blumenfeld
Jeremy P. Blumenfeld
Melissa D. Hill
101 Park Avenue
New York, NY 10178
Phone: 212.309.6000
Fax: 212.309.6001
jeremy.blumenfeld@morganlewis.com
melissa.hill@morganlewis.com

ATTORNEYS FOR DEFENDANTS

14