USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/18/2020

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Tushar Bhatia, individually and as the representative of a class of similarly situated persons, and on behalf of the McKinsey & Company, Inc. (PSRP) Profit-Sharing Retirement Plan and the McKinsey & Company, Inc. (MPPP) Money Purchase Pension Plan,<br><br>            Plaintiff,<br><br>v.<br><br>McKinsey & Company, Inc. and MIO Partners, Inc.,<br><br>            Defendants. | No. 1:19-cv-01466-GHW-SN<br><br>ORDER ON PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT |

       This litigation arose out of claims of alleged breaches of fiduciary duties and prohibited transactions in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), asserted against McKinsey & Company, Inc. ("McKinsey") and MIO Partners, Inc. ("MIO") (collectively, "Defendants") in connection with the McKinsey & Company, Inc. Profit-Sharing Retirement Plan and the McKinsey & Company, Inc. Money Purchase Pension Plan (the "Plans").

       Presented to the Court for preliminary approval is a settlement of the litigation as against all Defendants. The terms of the Settlement are set out in a Class Action Settlement Agreement dated September 16, 2020 (the "Settlement Agreement"), executed by Tushar Bhatia (the "Class Representative"), Class Counsel, and counsel for Defendants. Except as otherwise defined herein, all capitalized terms used herein shall have the same meaning as ascribed to them in the Settlement Agreement.

       Upon reviewing the Settlement Agreement and the motion papers submitted in connection with the Motion for Preliminary Approval, and good cause appearing therefore,

**It is hereby ORDERED as follows:**

1. **Preliminary Findings Regarding Proposed Settlement:** The Court preliminarily finds that:

    A. The proposed Settlement resulted from arm's-length negotiations by experienced and competent counsel overseen by a neutral mediator;

    B. The Settlement was negotiated only after Class Counsel had received pertinent information and documents from Defendants;

    C. Class Counsel and the Class Representative have submitted declarations in support of the Settlement; and

    D. Considering the relevant Second Circuit factors, the Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the Settlement to the Settlement Class.

2. **Fairness Hearing:** A hearing (the "Fairness Hearing") will be held telephonically on February 17, 2021 at 4:00 PM Eastern Time. The parties and any other persons who wish to attend may do so by dialing 1-866-253-3270 (toll free) or 1-646-843-4609 and entering access code 5607713#. At the Fairness Hearing, the Court will consider, among other issues:

    A. Whether the Court should approve the Settlement as fair, reasonable, and adequate;

    B. Whether the Court should enter the Final Approval Order, and

    C. Whether the Court should approve any motion for Attorneys' Fees, Costs, Administrative Expenses, and Class Representative Compensation.

3. **Settlement Administrator:** The Court approves and orders that Analytics Consulting LLC shall be the Settlement Administrator responsible for carrying out the

responsibilities set forth in the Settlement Agreement.

      A.    The Settlement Administrator shall be bound by the Confidentiality Order and any further non-disclosure or security protocol jointly required by the Settling Parties, set forth in writing to the Settlement Administrator.

      B.    The Settlement Administrator shall use the data provided by McKinsey and the Plans' recordkeeper solely for the purpose of meeting its obligations as Settlement Administrator, and for no other purpose.

      C.    The Settling Parties shall have the right to approve a written protocol to be provided by the Settlement Administrator concerning how the Settlement Administrator will maintain, store, and dispose of information provided to it in order to ensure that reasonable and necessary precautions are taken to safeguard the privacy and security of such information.

**4. Class Certification:** The following Settlement Class is preliminarily certified for settlement purposes only pursuant to Fed. R. Civ. P. 23(b)(1):

> All participants and beneficiaries of the McKinsey & Company, Inc. Profit-Sharing Retirement Plan and the McKinsey & Company, Inc. Money Purchase Pension Plan (the "Plans") at any time from February 15, 2013 through September 18, 2020, excluding the Trustees for the McKinsey Master Retirement Trust and members of the Administrative Committee for the Plans at any time during the Class Period, as well as persons who served on the Shareholders Council of McKinsey & Company, Inc. or the Board of Directors of MIO Partners, Inc. at any time during the Class Period.

The Court appoints Tushar Bhatia representative for the Settlement Class. Further, the Court appoints Nichols Kaster, PLLP as counsel for the Settlement Class.

**5. Class Notice**: The Settling Parties have presented to the Court proposed forms of notice regarding the Settlement for mailing to Class Members ("Settlement Notices") and the appropriate proposed Former Participant Claim Form to Former Participants.

        A.      The Court approves the text of the Settlement Notices and Former Participant Claim Forms, and finds that the proposed forms and content therein fairly and adequately:

        i.      Summarize the claims asserted;

        ii.     Describe the terms and effect of the Settlement;

        iii.    Notify the Settlement Class that Class Counsel will seek compensation from the Qualified Settlement Fund for Attorneys' Fees, Costs, Administrative Expenses, and Class Representative Compensation;

        iv.    Give notice to the Settlement Class of the time and place of the Fairness Hearing, and Class Members' right to appear; and

        v.     Describe how the recipients of the Class Notice may object to the Settlement, or any requested Attorneys' Fees, Costs, Administrative Expenses, or Class Representative Compensation.

        B.      Pursuant to Rules 23(c)(2) and (e) of the Federal Rules of Civil Procedure, the contents of the Settlement Notices and mailing the Settlement Notices constitutes the best notice practicable under the circumstances, provides due and sufficient notice of the Fairness Hearing and of the rights of all Class Members, and complies fully with the requirements of Federal Rule of Civil Procedure 23 and due process.

        C.      The Settlement Administrator shall send by first class mail the appropriate Settlement Notice to each Class Member and the Former Participant Claim Form to each Former Participant within forty-five (45) calendar days of the date of this Order, as specified in the Settlement Agreement, based on data provided by the Plans' recordkeeper. The Settlement Notices

shall be mailed by first-class mail, postage paid, to the last known address of each Class Member provided by the Plans' recordkeeper (or its designee), unless an updated address is obtained by the Settlement Administrator through its efforts to verify the last known addresses provided by the Plans' recordkeeper (or its designee). The Settlement Administrator shall use commercially reasonable efforts to locate any Class Member whose Settlement Notice is returned and re-mail such documents one additional time.

    D.  Former participants must file a Former Participant Claim Form with the Settlement Administrator by February 8, 2021 in order to be considered for a distribution pursuant to the Plan of Allocation.

    E.  On or before the date that Settlement Notices are sent to the Settlement Class, the Settlement Administrator shall establish a Settlement Website and telephone support line as provided by the Settlement Agreement. The Settlement Administrator shall post a copy of the Settlement Notices on the Settlement Website.

  **6.**  **Objections to Settlement**: Any objections to any aspect of the Settlement shall be heard, and any papers submitted in support of said objections shall be considered, by the Court at the Fairness Hearing if they have been timely sent to Class Counsel and Defendants' Counsel. To be timely, the objection and any supporting documents must be sent to Class Counsel and Defendants' Counsel at least twenty-eight (28) calendar days prior to the scheduled Fairness Hearing.

  **7.**  **Responses to Objections and Final Approval Motion**: Any party may file a response to an objection by a Class Member at least fourteen (14) calendar days before the Fairness Hearing, and Plaintiff shall file his Final Approval Motion at least fourteen (14) calendar days before the Fairness Hearing.

8. **Continuance of Hearing:** The Court may adjourn, modify, or continue the Fairness Hearing without further direct notice to the Class Members, other than by notice via the Court's docket or the Settlement Website.

9. **CAFA Notices**: The Court approves the form of the CAFA notices attached as Exhibit 6 to the Settlement Agreement and orders that upon mailing of the CAFA notices, Defendants shall have fulfilled their obligations under the Class Action Fairness Act, 29 U.S.C. § 1711, et seq.

**IT IS SO ORDERED.**

Dated: September 18, 2020
New York, New York

                                          Hon. Gregory Woods
                                          United States District Judge